## *In re* MARY HATCH RIGGS.

APPLICATION AS ADMINISTRATRIX OF THE GOODS, CHATTELS AND
CREDITS OF CLARENCE B. RIGGS, DECEASED, IN BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED, FOR A WRIT
OF MANDAMUS AGAINST THE HONORABLES GEORGE C. HOLT
AND CHARLES M. HOUGH, JUDGES OF THE DISTRICT COURT
OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF
NEW YORK, AND AGAINST THE DISTRICT COURT OF THE UNITED
STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 11, Original.   Argued April 12, 1909.—Decided May 17, 1909.

Mandamus is not a proper substitute for a writ of error.

Where the bankruptcy court in adjudicating a corporation a bankrupt
is called upon to decide, and does decide, a question of fact, or of
mixed law and fact, that adjudication cannot be reviewed by pro-
ceedings in mandamus. *Re Pollitz*, 206 U. S. 323; *Re Winn*, 213
U. S. 458.

Where the evidence sustaining an application for an adjudication in
bankruptcy is not disclosed this court will not assume that it was
not sufficient.

Mandamus to the bankruptcy court to dismiss proceedings in bank-
ruptcy against a corporation because the petition failed to show
that the principal business of the bankrupt was trading, printing,
publishing, mining, manufacturing or a mercantile pursuit, refused.

THE facts are stated in the opinion.

*Mr. Benjamin S. Catchings* for petitioner:

The District Court is without jurisdiction over the Tunnel
Company. That company was not a corporation principally
engaged in trading, printing, publishing, mining, manufactur-
ing or a mercantile pursuit, and this was apparent upon the
face of the petition in bankruptcy.

The statute is strictly construed and jurisdiction thereunder is derived from the statute only. *New York* v. *New Jersey Ice Lines,* 147 Fed. Rep. 214.

The classes of corporations enumerated in § 46 as subject to the act, are to be strictly construed and include only corporations clearly within the enumeration. *Chicago Joplin Lead & Zinc Co.,* 104 Fed. Rep. 67; *Butt* v. *C. F. McNichol Const. Co.,* 140 Fed. Rep. 840; Hughes on Fed. Pro., p. 86. Building companies and contracting companies are not within § 4b of the statute, and the filing of such a petition did not bring the Tunnel Company within the limited jurisdiction of the District Court, and all action thereon was void. *In re Kingston Realty Co.,* 160 Fed. Rep. 445; *Haul & Kaul. Co.* v. *Friday,* 3d Circuit Court of Appeals, Dec. 27, 1907; *In re Mannering* v. *Evans,* 156 Fed. Rep. 109; *In re Elmira Steel Co.,* 109 Fed. Rep. 456.

Prior to the adjudication, the record affirmatively showed that the court was without jurisdiction, and the adjudication and all proceedings thereon were void. *In re Hill Co.,* 148 Fed. Rep. 832; *In re Portland Cement Co.,* 156 Fed. Rep. 83, 85; Remington on Bankruptcy, pp. 51, 84.

If the District Court has jurisdiction the bankruptcy act is unconstitutional in that it deprives the unliquidated tort creditor of property without due process of law.

Under § 63a judgments arising *ex delicto* obtained prior to the adjudication in bankruptcy are provable in bankruptcy.

In New York tort creditors having unliquidated claims may attach the property of a corporation. Code of Civ. Pro., § 635. The liability to the tort claimant accrues upon the injury, not upon its determination. Such claims, though not reduced to judgment, are a class of property, especially in death cases, as is that of complainant Riggs. In death by wrongful act the statute prescribes how such property is to be distributed when recovered. In this case the entire property of the Tunnel Company was seized in bankruptcy without notice to tort creditors, an adjudication was made within one week in a summary

manner and the tort creditors are held to have no standing in bankruptcy and are prohibited from asserting any rights or claim to the property in the possession of a "Court of Equity." Such practices, if proper under the statute, do not amount to due process of law and the act is unconstitutional. *Mason* v. *Eldred,* 6 Wall. 237; *In re New York Tunnel Co.,* 166 Fed. Rep. 284.

Complainant is without relief other than by this petition, and this court has jurisdiction thereof.

The complainant has not been guilty of laches and has exhausted every possible remedy without relief. This proceeding is justified by the practice of this court. *Ex parte Bradley,* 7 Wall. 364; *Virginia* v. *Rives,* 100 U. S. 313; *Virginia* v. *Paul,* 148 U. S. 107; *Kentucky* v. *Powers,* 201 U. S. 1; *Ex parte Wisner,* 203 U. S. 449; Pomeroy's Principles of Equity, § 109.

*Mr. Charles K. Beekman* for respondents:

Mandamus will not lie where its purpose is to perform the office of appeal or writ of error, even if no appeal or writ of error is allowed by law. *American Construction Co.* v. *Jacksonville Railway,* 148 U. S. 372; *In re Pollitz,* 206 U. S. 323; *Ex parte Newman,* 14 Wall 152; *Ex parte Nebraska,* 209 U. S. 436; *In re Key,* 189 U. S. 84.

An adjudication of bankruptcy cannot be attacked collaterally, and petitioner is not entitled to have the adjudication set aside. *Chapman* v. *Brewer,* 114 U. S. 158 at 169; *Edelstein* v. *United States,* 149 Fed. Rep. 636; *In re American Brewing Co.,* 112 Fed. Rep. 752; *In re Worsham,* 142 Fed. Rep. 121; *In re Columbia Real Estate Co.,* 101 Fed. Rep. 965; *In re First National Bank,* 152 Fed. Rep. 70. See also *Evers* v. *Watson,* 156 U. S. 527, 533; *In re Penn.,* 4 Benedict, 99; *Riverdale Mills* v. *Manufacturing Co.,* 198 U. S. 188; *Des Moines Nav. Co.* v. *Iowa H. Co.,* 123 U. S. 552, 558; *Skillern's Ex.* v. *May's Ex.,* 6 Cranch, 267; approved in *Evers* v. *Watson,* 156 U. S. 527, 533; and in *Riverdale Mills* v. *Manufacturing Co.,* 198 U. S. 188, 197; *John Hancock Ins. Co.* v. *Manning,* 7 Fed. Rep. 299.

Allowing this writ would be equivalent to directing the District Court to reverse its own ruling, and also that of the Circuit Court of Appeals, and, in effect, to grant a mandamus to compel a court and the judges thereof to decide a matter in a particular way. Mandamus will not lie for such purpose. *In re Rice*, 155 U. S. 396; *In re Morrison*, 147 U. S. 14; *In re Pollitz*, 206 U. S. 323; *In re Burdett*, 127 U. S. 771.

Original jurisdiction having been acquired by the District Court, mandamus will not lie.

Only parties to the bankruptcy proceedings, such as creditors or the alleged bankrupt, can take advantage of the defects in pleadings, and then only by prompt and proper application. § 18. The petitioner is not even a creditor within the meaning of the bankruptcy act. *In Matter of N. Y. Tunnel Co.*, 159 Fed. Rep. 688; *In re Columbia Real Estate Co.*, 112 Fed. Rep. 643. See also *In re Altonwood Park*, 160 Fed. Rep. 448; *National Bank* v. *Klug*, 186 U. S. 202; *In re Urban & Title Co.*, 132 Fed. Rep. 140; *In re Worsham*, 142 Fed. Rep. 121; *In re Mason*, 99 Fed. Rep. 256; *Roche* v. *Fox*, Fed. Cas., No. 11,974; *S. C.*, 16 N. B. R. 461; *In re Plymouth Cordage Co.*, 135 Fed. Rep. 1000; *In re Brett*, 130 Fed. Rep. 981; *Loeser* v. *Savings Bank & Trust Co.*, 163 Fed. Rep. 212; *Re First Nat. Bank*, 152 Fed. Rep. 64; *Re Columbia Real Estate Co.*, 4 Am. B. R. 411.

The petitioner's application for leave to intervene and plead or to set aside the adjudication was addressed to the discretion of the court, and the exercise of this discretion will not be disturbed by mandamus. *Ex parte Taylor*, 14 How. 3; *In re Haberman Mfg. Co.*, 147 U. S. 525; *Ex parte Railway Co.*, 101 U. S. 711 and cases there cited.

Mr. Justice BREWER delivered the opinion of the court.

This is an application by the petitioner for mandamus against Judges Holt and Hough of the District Court of the United States for the Southern District of New York and the

District Court of that district, commanding them and each of them to dismiss all proceedings in bankruptcy against the New York Tunnel Company, or, in the alternative, to reopen the adjudication in bankruptcy and allow the petitioner or any party in interest to appear and be heard in opposition to the petition and adjudication thereof; or, in still further alternative, forbidding them from taking any further proceedings in the matter of the tunnel company, its property, assets and effects.

The facts, briefly stated, are that the tunnel company was engaged in constructing a tunnel from New York to Brooklyn, to be used for the purpose of a railroad between the boroughs of Manhattan and Brooklyn. On May 23, 1907, certain creditors of the tunnel company filed a petition in bankruptcy in the District Court of the Southern District of New York, upon which petition, on May 29, 1907, Judge Holt entered an order adjudicating it a bankrupt, and appointing a receiver. By direction of the bankruptcy court the receiver proceeded with the construction of the tunnel, and successfully completed the work. At the time of the petition in bankruptcy this applicant had an action pending in the State court to recover damages on account of the death of her husband, resulting, as charged, from the negligence of the tunnel company. On May 31, 1907, Judge Holt issued an order to show cause why that action should not be restrained, and proof of the claim be made before a special master. An order of restraint was granted upon this application, which was afterwards set aside by the Court of Appeals, and the applicant, on May 25, 1908, reduced her claim to judgment.

It is contended by the applicant that although the petition in bankruptcy alleged that the tunnel company was "engaged in the business of building and contracting," it failed to show that the principal business of the company was "trading, printing, publishing, mining, manufacturing or a mercantile pursuit," that being the language of the bankruptcy act of 1898, as amended.

We have recently given full consideration to the circumstances under which mandamus will be issued by this court to restrain the action of inferior tribunals. *In re Winn*, 213 U. S. 458. Hence we deem it unnecessary to go into other details of the proceedings in the bankruptcy or the state courts, nor to consider the many questions fully and elaborately presented in briefs and argued by counsel. Obviously, this application is largely in the nature of a writ of error to review the action of the District Court of the Southern District of New York and its judges, and a writ of mandamus is no proper substitute for a writ of error.

The allegation in the petition in bankruptcy is general in its terms that the tunnel company is engaged in the business of building and contracting, but it fails to disclose the particular kind of work for which it is contracting or which it is engaged in building. It might be inferred from the work which it was shown it was doing in this particular case, as well as from its name, that its principal business was that of contracting for the construction of tunnels, but that would be only an inference and not conclusive. Its principal business may have been that of manufacturing and contracting for such manufacturing, and this particular work only a small part of that which it was generally engaged in. What evidence was presented to the District Court to sustain the application for an adjudication in bankruptcy is not disclosed. We may not assume that it was insufficient or that it failed to make certain or probable that the principal business of the company was that of manufacturing and contracting for such manufacturing. We do not deem it necessary to decide the question which is argued by counsel, whether the adjudication of the bankruptcy court can be challenged collaterally or whether indeed this is only a collateral attack. *Manson* v. *Williams*, 213 U. S. 453. We rest our conclusion upon the proposition that the District Court in adjudicating the tunnel company a bankrupt was called upon to decide, and did decide, a question of fact or of mixed law and fact, and that such adjudication cannot be re-

viewed by proceedings in mandamus. *In re Pollitz,* 206 U. S. 323, 331; *In re Winn,* 213 U. S. 458.

*The rule is discharged and the writ of mandamus denied.*