# IN RE HENRY A. CLELAND, PETITIONER.

## MANDAMUS.

No. 12, Original.    Argued April 4, 1910.—Decided May 31, 1910.

Where the circuit judge certifies that he is satisfied that the suit involves a controversy within the jurisdiction of the Circuit Court mandamus will not issue to compel him to dismiss the case even if this court differs with him in his conclusions of law.

Jurisdiction does not depend on motive.    Although shares of stock may have been transferred to a non-resident to enable him to bring suit in the Federal court, if it appears from the record that he is the absolute owner of properly issued shares, exceeding $2,000 in value, jurisdiction exists.

Jurisdiction of a suit to wind up a corporation having once properly attached, a receiver appointed, and creditors, as between whom and the corporation diverse citizenship exists and the requisite amount is involved, joined as parties, the jurisdiction cannot be subsequently defeated by denials in *ex parte* affidavits of the jurisdictional facts.

THE facts are stated in the opinion.

*Mr. C. D. Joslyn*, with whom *Mr. Paul B. Moody* was on the brief, for petitioner.

*Mr. De Forest Paine* for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition for a writ of mandamus commanding the Honorable Henry H. Swan, sitting in the Circuit Court of the United States for the Eastern District of Michigan, to dismiss a cause on the ground that the suit does not really and substantially involve a controversy within the jurisdiction of that court.    Act of March 3, 1875, c. 137, § 5. · 18 Stat. 470, 472.    The suit in question was begun

on March 30, 1901, by a shareholder in an insolvent Michigan corporation, a mutual building and loan association, to have a receiver appointed and the association wound up. There were provisions in the Michigan statutes for such cases, but after conference with the Secretary of State, now the Governor of Michigan, the Attorney General of the State and officers of the corporation, it was decided that the most saving and beneficial course would be to have a receiver appointed by the United States Court, the assets of the company being partly scattered in distant States. As the requirement of proceedings under the state law was understood to be mandatory upon the Secretary of State, the beginning of this suit was hastened. To that end Aldrich, who had been counsel for the corporation and who wanted to be appointed receiver, transferred and procured to be issued certificates of stock to a friend of his, Bishop, the original plaintiff, and Bishop thereupon signed and swore to the bill alleging the par value of his stock to be over $2,000. No doubt he intended thereby to help Aldrich, but he also understood that he was acting for the benefit of all concerned, and undoubtedly one reason for applying to him was to save time in getting a non-resident shareholder. It was for the benefit of all in fact. The answer to the present petition states that all the shareholders have come in. Moreover, although it was disputed at the bar, we see no ground for denying that on the face of the bill the jurisdiction of the court was established. The laws of Michigan did not exclude it, and the corporation was not so far in the hands of the state officers as to prevent action by the court. See further, *Brown* v. *Lake Superior Iron Co.*, 134 U. S. 530.

It is unnecessary to set forth the proceedings under the bill at length. They have gone on from March 30, 1901. Real estate has been sold by the receiver, assets collected and all the debts of the corporation outside the claims of

shareholders have been paid, except one disputed claim for $3,000. The main matter outstanding is a suit against directors and certain withdrawing shareholders for money alleged to have been paid improperly and upon other claims, which is on the docket for hearing. See *Aldrich* v. *Gray*, 147 Fed. Rep. 453. *S. C.*, 77 C. C. A. 597. It is enough to say that after considerable litigation and much expense and trouble the proceedings are drawing to a close.

The petitioner never has been admitted formally as a party to the suit, but he proved his claim as holder of shares of the par value of $2,000 on May 29, 1902, and while since that time he has been active in trying to have the receiver removed, and in having him called to account, his various petitions have not been dismissed by the Circuit Court on the ground that he had no standing before it. It may be assumed for purposes of decision that he has a standing here.

After continuing this activity for years the petitioner now, without adequately explaining his delay and change of attitude, seeks to reduce all the proceedings to naught. *Deputron* v. *Young*, 134 U. S. 241. His pecuniary interest in doing so is infinitesimal, even if not actually contravened. It cannot be believed the motive for the petition is such as to appeal to the discretion of the court. But apart from questions of discretion, so far from its appearing to the satisfaction of the Circuit Court, as the statute requires, that the suit did not involve a controversy within its jurisdiction, the judge certifies that he is satisfied that it does involve such a controversy. *Put-in-Bay Water Works, Light & Railway Co.* v. *Ryan*, 181 U. S. 409, 431. On the face of the record he was right, and the summary remedy of mandamus would not be proper, even if our conclusion from the evidence were different from his, which is not the case. *In re Winn*, 213 U. S. 458, 468.

It is said that on the undisputed facts Bishop was not

a *bona fide* shareholder, and that the proceeding was col-
lusive. But the first proposition is not true and the
second is not law. Bishop became the absolute owner of
the shares in his name. The answer to the petition so
finds, and there is no question about it. See *South Dakota
v. North Carolina,* 192 U. S. 286, 310. Some of these
shares had been issued to Aldrich in payment for service,
others were issued by the corporation upon payment of
ten dollars, the proper sum at the start. It is said that
the corporation being insolvent the issue of the certificate
was a fraud on the other shareholders. No one complains
here except the petitioner. It seems to have been to the
advantage of all. Certainly it was not necessarily a fraud
upon them. As to collusion, there is nothing unlawful
in transferring shares to a man out and out for the con-
venience of immediately beginning a suit that other share-
holders have a right to begin, that all parties in interest
want to have begun, and that the authorities of the oppos-
ing jurisdiction approve.

Perhaps the most plausible ground would have been
that Bishop's interest was not as great as his allegation
implied, even granting his right as a shareholder. But
there is no reason to doubt that he thought that it was.
See *Barry v. Edmunds,* 116 U. S. 550. And with regard
to this and the objections previously mentioned, it is
enough to quote the language of the court in *Put-in-Bay
Water Works, Light & Railway Co. v. Ryan,* 181 U. S. 409,
432, 433: "Jurisdiction having attached under the allega-
tions of the original bill, and the court having proceeded,
in a proper exercise of its discretionary power, to appoint
a receiver, . . . and the court having also, in the
exercise of its power as a court of equity, allowed the
intervention of other creditors, as between some of whom
and the defendant company there was jurisdiction in the
court, both as respects diversity of citizenship and amount
of claims, we think its jurisdiction did not fail by reason

of anything that appeared in *ex parte* affidavits . . . denying the truth of the allegations . . . in respect to the amount in dispute."

*Rule discharged.*

*Writ of Mandamus denied.*