**In re WILLIAMS SUPPLY CO., Inc.**

**BERMAN v. WITT et al.**

**No. 439.**

Circuit Court of Appeals, Second Circuit.

June 10, 1935.

David Haar, of New York City, for appellant.

Herman M. Frank, of New York City (William Frank, on the brief), for appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

Charles Witt, one of the appellees, was the bankrupt's president; Barnet Witt, the other, was its secretary and treasurer. A number of books and documents had at one time been used in the bankrupt's business; they were two ledgers, a sales book, a cash book, some check books, some bank books, a minute book, and some loose invoices and bills. The trustee, not finding these upon the premises or elsewhere, moved before the referee to compel Charles and Barnet Witt to deliver them to him, charging them with unlawfully withholding them. The Witts answered as respondents to that motion, and the cause came on for trial before the referee, who took testimony and passed an order on July 24, 1924, directing them to deliver to the trustee the books and documents in question, all of which the order specified in detail except the invoices and bills which it merely described eo nomine. The Witts asked for a rehearing on new evidence, which the referee denied, and although an appeal was taken, it was never perfected. Thereupon on November 5, 1934, the trustee moved in the District Court to commit them for contumacy, but the judge dismissed the motion because the referee had not expressly found that they had had the books in their possession or under their control. The order does not itself contain any such recital, and one of the affidavits alleged without contradiction that the referee had never made such a finding.

It is well settled that upon a proceeding like this the merits of the summary proceeding will not be re-examined. Oriel v. Russell, 278 U. S. 358, 49 S. Ct. 173, 73 L. Ed. 419; In re Siegler, 31 F.(2d) 972 (C. C. A. 2); Clements v. Coppin, 72 F.(2d) 796 (C. C. A. 9). The order to deliver the property conclusively determines that when it is entered, or when the proceeding is begun, the respondent has possession of it; and his only possible defense is that he has parted with it since then. Though that will protect him from any commitment designed to coerce his surrender of the property, it will expose him to other punishment; and for this reason it is the usual practice of respondents in such case to attempt to litigate the merits once more. The respondents at bar seek to do this, but the attempt is obviously futile, and their only possible defense is that the order was invalid for the reason given by the judge. So far as the absence of any finding was no more than an irregularity, it was a defect not open here where the only possible attack is collateral, which means that the respondents must show that the referee was without jurisdiction. We shall assume arguendo that in a proceeding to compel the delivery of property confessedly held for the bankrupt, if held at all, the respondent's possession is a condition upon the court's jurisdiction; we shall also assume that if the record does not show any finding to that effect, either in the recitals of the order or elsewhere, and if the ref-

eree is an "inferior court" in the stricter sense, the order is void.

The word, "court," when used in the act, "may include the referee," section 1 (7), Bankr. Act, 11 USCA § 1 (7), and he has power among other things to "perform such part of the duties * * * as are * * * conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy," section 38a (4), Bankr. Act, 11 USCA § 66 (4). (The insertion of the word, "and," in the foregoing was apparently an error.) General Order 12 (11 USCA following section 53) provides for an order referring a case to the referee; "thereafter all the proceedings * * * shall be had before the referee"; the twentieth bankruptcy rule of the Southern District of New York declares that the referee "shall after adjudication have jurisdiction of all proceedings." The referee at bar was therefore performing duties conferred on the court of bankruptcy when he determined the summary proceeding; and the argument must be that his orders do not enjoy the same presumption as to jurisdiction as do judgments of the district court; for the jurisdictional facts on which the "limited," but not "inferior," jurisdiction of that court depends need not appear in the record to make its judgments conclusive. McCormick v. Sullivant, 10 Wheat. 192, 6 L. Ed. 300; Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; Swift & Co. v. U. S., 276 U. S. 311, 48 S. Ct. 311, 72 L. Ed. 587; The Amaranth, 68 F.(2d) 893, 895 (C. C. A. 2); Jenner v. Murray, 32 F.(2d) 625 (C. C. A. 5); Chemung Canal Bank v. Judson, 8 N. Y. 254. And this has several times been extended to its orders, while sitting as a court of bankruptcy. In re Riggs, 214 U. S. 9, 29 S. Ct. 598, 53 L. Ed. 887; Edelstein v. U. S., 149 F. 636, 9 L. R. A. (N. S.) 236 (C. C. A. 8); In re First National Bank, 152 F. 64, 70, 11 Ann. Cas. 355 (C. C. A. 8); In re N. Y. Tunnel Co., 166 F. 284 (C. C. A. 2); U. S. v. Freed, 179 F. 236 (C. C. S. D. N. Y.). To be sure, a referee, though he may exercise the powers of a District Court, is not the District Court; neither McDonald v. Plymouth County Trust Co., 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093, nor Page v. Arkansas Natural Gas Co., 286 U. S. 269, 52 S. Ct. 507, 76 L. Ed. 1096, so declares. Nevertheless we should hesitate to make a distinction between his orders and those of the judge in this respect; many matters go to him as special master and are confirmed by the judge. These would be conclusive regardless of the absence of jurisdictional averments in the record; and the distinction between such and orders entered by him as referee, which the judge must review by petition, seems extremely barren; the order in each case ought to be considered an order of the bankruptcy court with whatever dignity that court may have. Gilbertson v. U. S., 168 F. 672, 674 (C. C. A. 7); Clendening v. Red River V. N. Bank, 12 N. D. 51, 94 N. W. 901 (semble); McCulloch v. Davenport S. Bank (D. C.) 226 F. 309, 311.

The judge below relied upon In re Goldman, 62 F.(2d) 421 (C. C. A. 1), but that decision was scarcely in point; the question was how definitely the order described the respondent's performance, which is certainly quite another matter from the necessity of an express finding of the respondent's power to comply. Moreover, In re Goldman was expressly overruled in Cooper v. Dasher, 290 U. S. 106, 111, 54 S. Ct. 6, 78 L. Ed. 203.

Order reversed; respondents to stand committed until they comply or until the District Court in its discretion shall release them.