DIRECT TRANSIT LINES, Inc. v. LOCAL UNION NO. 406, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, A. F. OF L., et al.

No. 11700.

United States Court of Appeals
Sixth Circuit.

Oct. 21, 1952.

Clark, Klein, Brucker & Waples, Detroit, Mich., for petitioner.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

The Direct Transit Lines, Inc., has filed recently in this court a petition for writ of mandamus, to be directed to the United States District Judge for the Western District of Michigan, praying that the Judge be directed to vacate an order entered by him on July 3, 1952, and directing him to remand this cause to the Circuit Court of Kent County, Michigan, from which it was brought to the United States District Court by removal.

The petitioner has filed a carefully prepared brief in support of its petition and has cited many authorities which have been duly considered, along with numerous authorities including opinions of this court which are not cited by the petitioner. The gravamen of the petition is that the district court erred in holding that it has jurisdiction of the subject matter, in that it had no original jurisdiction in the premises; and, moreover, that error was committed by the district court in holding that the petitioner could not amend its complaint so as to divest the district court of jurisdiction after the cause had been removed to the United States District Court.

The original complaint filed by petitioner in the state circuit court sought an injunction against described unlawful acts alleged to have been committed by Local Union No. 406, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L., District Council No. 43 and its members. The complaint also sought $50,000 damages against the defendants.

On February 5, 1952, the district judge denied the motion of Direct Transit Lines, Inc., to remand to the state court, and filed an opinion supporting his action. Whereupon, on February 7, 1952, the petitioner amended its bill of complaint by deleting therefrom the paragraph in which it sought $50,000 damages and filed a second motion

to remand, in reply to which the district court filed a carefully considered opinion denying the motion.

Two basic grounds were given by the district court as the basis of its ruling: (1) that there was presented a controversy affecting interstate commerce and that a federal question was involved, in that the Labor Management Relations Act of 1947 [commonly called the Taft-Hartley Act], 29 U.S.C.A. § 141 et seq., was applicable; and (2) that at the time of the removal of the cause to the United States District Court the complaint demanded $50,000 damages, bringing it plainly within section 303 of the Labor Management Relations Act and thereby unquestionably sustaining the jurisdiction of the United States District Court to try the cause.

■ We think it true, as asserted by the district judge, that the cause should not be remanded if it were properly removable upon the record as it stood at the time of the filing of the petition for removal. See Brown v. Eastern State Corporation, 4 Cir., 181 F.2d 26, 28, certiorari denied 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631. See also Pocohontas Terminal Corporation v. Portland Building & Construction Trade Council, D.C.S.D.Me., 93 F.Supp. 217. In the instant case, it should be observed that, at the time of the removal, the petitioner was demanding $50,000 damages, as well as injunctive relief, and it was only after the district judge had first denied the motion to remand that the petitioner withdrew, by amendment, its demand for damages.

■ Even apart from the claim of petitioner for damages as a basis for jurisdiction in the district court, we think the court had jurisdiction, inasmuch as the Labor Management Relations Act of 1947 is directly involved in the situation shown by the record to be a controversy involving interstate commerce. See especially section 8(b) (1) of the Labor Management Relations Act, 29 U.S.C.A. § 158(b) (1).

Paragraph six of the complaint avers, *inter alia*, that the defendants have indulged in conduct intended to harass and hinder the petitioner company in the operations of its lawful business, in order to force it to coerce its employees to join the defendant union. In re Winn, 213 U.S. 458, 29 S.Ct. 515, 53 L.Ed. 873, is emphasized by petitioner as controlling authority. In that case, the Supreme Court declared that writs of mandamus must not be permitted to usurp the functions of writs of error or appeals, and that it is only in cases made clear by the record that, as a matter of law, the federal court is without jurisdiction to take any action whatever that a writ of mandamus should be issued, remanding a cause removed from the state court to the federal court. The ultimate test was said to be whether the action could have been originally brought in the federal court. If so, jurisdiction should be retained.

The following cited cases, among others, have been considered and the principles derived from them support, in our opinion, the conclusion which we have reached. Ex parte Harding, 219 U.S. 363, 31 S.Ct. 324, 55 L.Ed. 252; In re Cleland, Petitioner, 218 U.S. 120, 30 S.Ct. 647, 54 L.Ed. 962; Matter of Riggs, 214 U.S. 9, 29 S.Ct. 598, 53 L.Ed. 887. Two of our own previously published opinions may be helpful in considering the appropriate exercise by an appellate court of the peremptory writ of mandamus. State of Tennessee v. Taylor, 6 Cir., 169 F.2d 626; Youngblood v. United States, 6 Cir., 141 F.2d 912.

The petition for writ of mandamus is denied.