Thomas M. DEBEVOISE, Attorney General of the State of Vermont, and State of Vermont, Appellants,

v.

RUTLAND RAILWAY CORPORATION, Appellee.

No. 363, Docket 26721.

United States Court of Appeals Second Circuit.

Argued May 2, 1961.

Decided June 8, 1961.

Thomas M. Debevoise, Atty. Gen., for State of Vermont (John D. Carbine, Sp. Counsel for State of Vermont, Rutland, Vt., on the brief), for appellants.

Thomas William Lynch, Rutland, Vt. (Donald L. Wallace, New York City, Charles D. Peet, Harry F. Martin, Jr., Clark, Carr & Ellis, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, MOORE, Circuit Judge, and STEEL, District Judge.*

LUMBARD, Chief Judge.

The State of Vermont, by its chief legal officer, appeals from a permanent injunction entered by the United States District Court for the District of Vermont, which injunction forbade the State of Vermont to run the Vermont lines of the Rutland Railroad by way of a receivership that had been created by the Rutland County Court of Chancery on the state's petition. Vermont claims that the federal court had no power to remove the case from the state court and that therefore its injunction was a nullity. We agree.

The Rutland Railway was shut down on September 16, 1960 when its employees went out on strike. On the seventeenth of October, the State of Vermont, alleging that further interruption of railroad service would wreak havoc with the economic welfare, the health and comfort of the state and its citizens, brought an action against the railroad asking the Rutland Chancery Court to appoint a receiver until "the Railway * * * resume[s] operations under the direction of its own officials."

On the following day, the railroad successfully petitioned the district court for "removal" of the receivership from

* Sitting by designation.

the state to the federal court and, after the case had been removed, sought and obtained, on October 19 and October 27, a temporary restraining order and a permanent injunction against "any conduct in execution of the purported receivership." [1] The court's order stated that the receivership, and the procedure by which it was granted, deprived the railway of property without due process of law. [2] This action was taken despite Vermont's vigorous attack upon the jurisdiction of the district court, which attack was formally presented by a motion made on October 25 to remand the case to the state court. At a hearing the following day, October 26, the district court denied the motion to remand.

■■■■ It is clear that the district court should have granted the motion to remand and that it was without jurisdiction to take any action in the case. The parties were not of diverse citizenship and the case did not arise under "the Constitution, treaties or laws of the United States" as the removal statute, 28 U.S.C. § 1441, required. Cf. 28 U.S.C. § 1331. Under the removal statute, 28 U.S.C. § 1441(b), where there is no diversity, a defendant's power to remove turns upon whether the plaintiff's claim arises under federal law within the meaning of § 1331.[3] See Wechsler, Federal Jurisdiction and the Revision of the Judicial Code, 13 Law & Contemp. Prob. 216, particularly at 233–234 (1948).

Defendant's petition for removal stated that the receivership took its property without due process of law and interfered with the allegedly exclusive federal power over railway labor disputes created by the Railroad Labor Act. Both the constitutional and the statutory defense could of course be pressed in the state courts and ultimately perhaps might be decided by the United States Supreme Court which has jurisdiction under 28 U.S.C. § 1257 if federal law has been "drawn in question." Cf. In re Winn, 1909, 213 U.S. 458, 465, 29 S.Ct. 515, 53 L.Ed. 873. But the claims could be asserted only as a defense to Vermont's petition for the receivership and thus their existence does not meet the requirement of § 1441 that the plaintiff's claim be one "arising under" federal law. It is well settled that the likelihood—even the certainty—that federal law will enter a case by way of defense does not confer jurisdiction upon the district courts. Louisville & Nashville R. R. v. Mottley, 1908, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; In re Winn, supra; see generally Mishkin, The Federal "Question" in the District Courts, 53 Col.L.Rev. 157 (1953); Hart and Wechsler, The Federal Courts and the Federal System, pp. 748–777.

---

1. The railroad never filed an answer to Vermont's receivership petition.

2. Immediately following issuance of the permanent injunction against the receivership, Judge Gibson enjoined the strike and referred the dispute between the railroad and the striking unions to the National Railroad Adjustment Board. Rutland Ry. Corp. v. Brotherhood of Locomotive Eng., D.C.D.Vt.1960, 188 F. Supp. 721. Suing under the Railway Labor Act, 45 U.S.C.A. § 51 et seq. the railroad had sought to enjoin the strike; the union in reply asked for an injunction directing the railroad to preserve the status quo with respect to certain proposed changes in working conditions, which proposals had precipitated the strike. An appeal from this decision is now pending.

3. Section 1441(b) states that:
   "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."
   Section 1331 states that:

   "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

Defendants also claimed that Vermont's receivership petition disclosed "that the action in the State Court arose under * * * the Interstate Commerce Act [49 U.S.C.A. § 1 et seq.]." It did not; although the petition did reveal that the Rutland was an interstate railway, Vermont did not rely upon a right created by the federal statute but rather it asserted its own sovereignty.

Since the district court had no jurisdiction all proceedings taken in it were a nullity, the injunction must be vacated and the case remanded to the district court with instructions to remand the case to the Rutland County Court of Chancery.

Reversed and remanded to the district court with instructions to remand the case to the Rutland County Court of Chancery.