**STATE ex rel. Daniel C. ROGERS, Relator,**

v.

**J. Marcus KIRTLEY, Judge of the Circuit Court of Jackson County, Missouri, at Kansas City, Respondent.**

No. 49935.

Supreme Court of Missouri,

In Banc.

Nov. 11, 1963.

Thomas F. Eagleton, Atty. Gen., J. Gordon Siddens and Louis C. DeFeo, Jr., Asst. Attys. Gen., Jefferson City, for relator.

Keith Wilson, Jr., City Counselor, John J. Cosgrove, Associate City Counselor, Kansas City, for respondent.

EAGER, Chief Justice.

In this matter we issued our provisional rule in prohibition against Respondent, prohibiting him from enforcing his order of January 12, 1963, restraining Daniel C. Rogers, Chairman of the Missouri Board of Mediation, from returning the plants, equipment and facilities of Kansas City Transit, Inc., to the owner thereof, and from exercising further jurisdiction in the cause entitled City of Kansas City v. Daniel C. Rogers; also, to show cause why a writ of prohibition should not issue. The present proceeding is an outgrowth of labor difficulties in the Kansas City Transit System. The property in question had earlier (on November 13, 1961) been seized by the State of Missouri, acting through the said.

Daniel C. Rogers as the agent of the Governor, and under the provisions of § 295.180, RSMo 1959, V.A.M.S. (popularly known as the King-Thompson Law) "for the use and operation by the state of Missouri in the public interest." By Executive Order entered on December 28, 1962, the Governor declared that the labor dispute in question remained unresolved, but found that a continued exercise of his seizure authority was not justified, and ordered the termination of his prior seizure order and the return of all said property to Kansas City Transit, Inc., effective at 11:59 p. m. on January 12, 1963. Immediately prior to the time fixed for such relinquishment, Respondent issued the order which we thereafter prohibited. That order was issued in an injunction suit filed by the City of Kansas City, Missouri, against the said Rogers, as already indicated. Respondent Kirtley has filed his return and Relator has moved for judgment on the pleadings. We shall not concern ourselves with the merits (although Relator has insisted that certain questions on the merits should be decided) for the result has been predetermined by action of the United States Supreme Court. In the case of Division 1287 of the Amalgamated Ass'n of Street, Electric Railway and Motor Coach Employees of America et al. v. State of Missouri, 374 U.S. 74, 83 S.Ct. 1657, 10 L.Ed.2d 763 (decided June 10, 1963, motion for rehearing overruled October 14, 1963) that Court held that our King-Thompson Act was invalid, at least in so far as concerns all seizure powers of the State. The Court there said (374 U.S. 74, 83 S.Ct. at 1662, 10 L.Ed.2d at loc. cit. 768): "The short of the matter is that Missouri, through the fiction of 'seizure' by the State, has made a peaceful strike against a public utility unlawful, in direct conflict with federal legislation which guarantees the right to strike against a public utility, as against any employer engaged in interstate commerce. In forbidding a strike against an employer covered by the National Labor Relations Act, Missouri has forbidden the exercise of rights explicitly protected by § 7 of that Act. Collective bargaining, with the right to strike at its core, is the essence of the federal scheme. As in Wisconsin Board, a state law which denies that right cannot stand under the Supremacy Clause of the Constitution." Since the injunction suit in which Respondent's order was issued was based solely upon the seizure rights of the State under said act and an insistence upon a continuation of the seizure, both the suit itself and Respondent's order are now wholly without any basis in law.

Thus, while a determination of this matter has become more or less academic, the provisional rule in prohibition heretofore issued is made absolute.

All concur.