CODITRON CORPORATION,
Plaintiff,

v.

AFA PROTECTIVE SYSTEMS, INC., Defendant and Plaintiff-by-Counterclaim,

v.

Charles ROSENTHAL et al., Additional Defendants-by-Counterclaim.

No. 74 Civ. 2253 (MP).

United States District Court,
S. D. New York.

April 11, 1975.

Stephen J. Mydanick, New York City, for plaintiff.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant by James E. Tolan and Joseph C. Kaplan, New York City.

## MEMORANDUM

POLLACK, District Judge.

Defendant AFA Protective Systems, Inc. ("AFA" hereafter) seeks, pursuant to 28 U.S.C. § 1447(c), a remand of this action to the Supreme Court, New York County for the reason that this action does not involve federal question jurisdiction since the claims do not arise under the federal patent laws but are based only on state created claims.

The complaint herein was served in the state court, by mail, on April 24, 1974. The plaintiff Coditron alleges three claims against AFA: (1) breach of an exclusive licensing agreement by failure to pay royalties due, (2) continued manufacture of the alarm systems involved following termination of the agreement, and (3) failure to pay for services and materials requested which were beyond Coditron's obligations under the agreement. Coditron seeks an accounting as relief on the first claim, an injunction on the second claim, and damages of $61,435.67 on the third claim.

The action was timely removed by AFA on May 23, 1974 on the ground that this Court would have original jurisdiction over the second cause of action pur-

suant to 28 U.S.C. § 1338(a)[1] since an essential element of that claim must be AFA's alleged infringement of Coditron's patent. AFA filed an answer in this Court after the removal in which it asserted by way of afirmative defense *inter alia* that Coditron's patents are invalid and by way of counterclaim *inter alia* for declaratory relief that it has not infringed Coditron's patents and that they are invalid.

AFA now contends that the proceedings in this Court show there was no basis for removal because Coditron has repeatedly insisted during the pretrial proceedings, including the preparation of proposed trial findings of fact and conclusions of law, that it does not assert any claim of patent infringement.

On this motion, however, Coditron now contends that ¶ 17[2] of its second claim is implicitly grounded on patent infringement and moreover that AFA's answer to the complaint has given this Court the essentials for removal jurisdiction. Coditron also says that if ¶ 17 did not state a cause of action for infringement, Coditron wishes to amend the complaint to so state.

■ The motion to remand is unaffected by the fact that remand is sought by the party who removed the action since the parties may not confer subject matter jurisdiction on this Court by their consent or waiver when it does not otherwise exist. 1A Moore's Federal Practice, ¶ 0.168[4.–1] at 524–25 (1974); *see, e. g.,* American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (removal improper since separate and independent claims not stated: defendant's motion granted following adverse judgment); Tillman v. Russo-Asiatic Bank, 51 F.2d 1023, 1028 (2d Cir. 1931), *cert. denied* 285 U.S. 539, 52 S.Ct. 312, 76 L.Ed. 932 (1932).

*Removal on the Basis of Paragraph 17*

■■ As a general rule, if plaintiff has a remedy under both state and federal law, it may base its claim solely on state law and thus defeat the defendant's potential right to removal, if as in this case diversity of citizenship is lacking. *E. g.,* Hearst Corporation v. Shopping Center Network, Inc., 307 F.Supp. 551 (S.D.N.Y.1969) (copyright); Beacon Moving & Storage Inc. v. Local 814, 362 F.Supp. 442 (S.D.N.Y.1972) (labor relations). Where federal jurisdiction is exclusive, however, as in the patent field, plaintiff's form of pleading must be carefully scrutinized in order to assure that the congressional determination that such matters are to be adjudicated solely in federal courts has not been violated. *See, e. g.,* Hearst Corporation v. Shopping Center Network, Inc., *supra.* In such a context, while the defendant bears a substantial burden in proving that the plaintiff misstates the gravamen of his complaint, the plaintiff's ardent disclaimer of any reliance on federal law is not by itself determinative since the issue is one of subject matter jurisdiction. *E. g.,* Sylgab Steel & Wire Corp. v. Strickland Transportation Co., 270 F.Supp. 264 (E.D.N.Y. 1967) (labor relations); Hearst Corporation v. Shopping Center Network, Inc., *supra.*

■ The original and exclusive jurisdiction of Federal District Courts does not extend to all questions in which a patent may be the subject matter of a controversy. Questions of "ownership or contractual enforcement turning on the facts or on ordinary principles of contract law" are not within the jurisdictional grant and thus may be tried in

---

1. Federal District Court jurisdiction under § 1338(a) is also exclusive.

2. Paragraph 17 alleges that:
   "Upon information and belief, notwithstanding the termination and recission of the agreement and license hereinbefore referred to, the defendant has wrongfully and illegally continued to manufacture, sell, and offer to sell CENTRAK SYSTEMS and the alarm systems of plaintiff as set forth in 'Exhibit A' annexed, all in violation of the rights and remedies of the plaintiff herein."

state courts. *Cf.* T. B. Harms Company v. Eliscu, 339 F.2d 823, 826 (2d Cir. 1964) (copyright), cert. denied 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

■ Coditron's first and third claims quite clearly fall within the domain of general contract law. Paragraph 20 [3] of the agreement between the parties expressly provides each of them with a right to injunctive relief in the event of a breach by the other of any of the covenants and agreements therein. As presently structured, this suit essentially represents a contract dispute notwithstanding the fact that patents are peripherally mentioned. *See* Wham-O Mfg. Co. v. All-American Yo-Yo Corp., 377 F.Supp. 993 (E.D.N.Y.1973) (determination of the merits in the first instance requires analysis of the agreement stating that plaintiff's patent was valid and infringed and that in the event of breach plaintiff could obtain a consent decree: remand ordered). Nor is this conclusion affected by the fact that AFA asserts by way of affirmative defense that the patent is invalid. *See, e. g.,* Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969) (state court may hear patent invalidity defense in action for breach of licensing agreement). Accordingly, ¶ 17 of the complaint does not allege a federal claim upon which removal could be based.

*AFA's Answer and Counterclaim As a Basis for Removal*

■ It is axiomatic that in considering removal, the federal controversy must appear upon the face of the complaint unaided by the answer or the petition for removal. *E. g.,* Hearst Corporation v. Shopping Center Network Inc., *supra,* citing Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Similarly, while a plaintiff opposing a counterclaim might functionally be a "defendant", it has been conclusively established that such a plaintiff is not a defendant within the meaning of the general removal statute and may not remove the action or the counterclaim even though the counterclaim would be removable if sued upon alone. 1A Moore's Federal Practice, ¶ 0.167[8] at 404 (1974). Thus the answer and counterclaims of AFA do not provide a basis for removal.

*Leave to Amend the Complaint to Allege Infringement*

■ In Coogan v. DeBoer Properties Corp., 354 F.Supp. 1058 (S.D.Tex. 1973) (removal improper since not all defendants joined in petition: plaintiff's motions to join in federal court under Rule 19 the defendants who did not join in the petition and for leave to amend to add a securities claim within the exclusive jurisdiction of federal courts both denied and action remanded), the Court indicated that the liberal provisions in the Federal Rules of Civil Procedure for amendment and joinder of parties cannot vest a federal court with jurisdiction when it previously had none. This is consistent with the general rule that removability is to be determined from the face of the complaint at the time of removal. Under 28 U.S.C. § 1653, "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," and this provision has been held to apply to the removal petition itself. *E. g.,* Royal Crest Development Corp. v. Republic Insurance Co., 225 F.Supp. 76 (E.D.N.Y.1963) (amendment to petition to allege defendant's principal place of business permitted on plaintiff's motion to remand). There is no indication, however, that this provision, which has generally been

---

3. Paragraph 20 states: "It is hereby expressly acknowledged and agreed that a breach by either party of any of the covenants and agreements herein contained will result in immediate and irreparable harm to the other, that the remedy at law for any such breach or threatened breach will be inadequate, and that such other party shall therefore be entitled to temporary and permanent injunctive relief with respect to any such breach or threatened breach in addition to and not in limitation of any and all other remedies to which it may be otherwise entitled at law or in equity."

directed toward the correction of technical defects, would permit Coditron to amend its complaint at this time to add a new, federal claim of infringement which is within the exclusive jurisdiction of the federal courts as a basis for removal.

Since none of the grounds asserted by Coditron indicates that this action would be within this Court's original jurisdiction, this Court concludes that the action was removed improvidently and is without federal jurisdiction and must accordingly be remanded to the Supreme Court for the State of New York, County of New York.

So ordered.