**STATE OF NEW YORK, Plaintiff,**

v.

**LOCAL 1115 JOINT BOARD, NURSING HOME AND HOSPITAL EMPLOYEES DIVISION et al., Defendants.**

No. 76 C 333.

United States District Court,
E. D. New York.

April 23, 1976.

Louis J. Lefkowitz, Atty. Gen., State of N. Y. by Allan N. Smiley, and Jesse P. Reisner, New York City, for plaintiff.

Charles R. Katz, New York City, for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This motion to remand this removed case to the State court presents an interesting question of federal-State jurisdiction in controversies involving labor unions. The action and motion arise out of the following circumstances.

The Attorney General, on behalf of the plaintiff State of New York, instituted this action against the defendant union ("Local 1115") in the New York Supreme Court, Suffolk County, on or about January 21, 1976. The Attorney General acted at the request of the New York State Commissioner of Health, made pursuant to New York's Public Health Law § 12(5),[1] who advised that thousands of elderly and/or chronically ill patients of nursing homes in Nassau and Suffolk would suffer irreparable injury, if Local 1115 were to carry out a threatened strike against employer-operators of the nursing homes.[2] Alleging those facts, the

---

1. "5. It shall be the duty of the attorney general upon the request of the commissioner to bring an action for an injunction against any person who violates, disobeys or disregards any term or provision of this chapter or of any lawful notice, order or regulation pursuant thereto; provided, however, that the commissioner shall furnish the attorney general with such material, evidentiary matter or proof as may be requested by the attorney general for the prosecution of such an action."

2. Local 1115's grievance arises out of the failure of the nursing homes to make increased

Attorney General moved by order to show cause for a preliminary injunction preventing Local 1115 from engaging in a strike or slowdown. The show cause order, signed by a Justice of the State court, temporarily restrained the union pending a hearing on the application for a preliminary injunction.

Local 1115 appeared in the State court and filed its response in opposition to the Attorney General's application. Additionally, it affirmatively cross-moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a cause of action and, alternatively, to vacate the temporary restraining order, asserting that the State law upon which the Attorney General relied had been preempted by the 1974 Congressional amendments extending the coverage of the National Labor Relations Act, 29 U.S.C. §§ 151, et seq., to health care facilities.[3] On February 5, 1976 the State court, citing the State constitution, the Public Health Law and the common law powers of the Attorney General, granted the motion for a preliminary injunction and denied the cross-motion to dismiss.

Instead of appealing the decision, Local 1115 removed the action to this court on February 25, 1976, claiming that the Attorney General is "seeking to enjoin activities [the strike] the right of which are [sic] guaranteed by the National Labor Relations Act" and that consequently the action arises under the laws of the United States. 28 U.S.C. § 1441(b). The Attorney General promptly moved to remand the case to the State court, 28 U.S.C. § 1447(c), contending that the complaint seeks relief solely under State law. Local 1115 cross-moved to dismiss, arguing that since Congress has preempted the area, the State court never had subject matter jurisdiction of the action and therefore this court has no derivative jurisdiction.

### Discussion

■ A defendant sued in a State court upon a claim or right arising under the Constitution or laws of the United States may, of course, remove the action to a federal court. 28 U.S.C. § 1441. A defense based on federal law, however, will not sustain removal jurisdiction. *Application of State of New York,* 362 F.Supp. 922, 926 (S.D.N.Y.1973).

■ Whether an action arises under federal law is determined with reference solely to plaintiff's complaint, *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70, 72 (1936), and "[t]he party who brings a suit is master to decide what law he will rely upon . . . ." *The Fair v. Kohler Die and Specialty Company,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716, 717 (1913) (Holmes, J.). Thus, if relief is available under both federal and State law, federal jurisdiction may be defeated by the plaintiff's chosen reliance solely on the latter. *Great Northern Ry. Co. v. Alexander (Hall's Adm'r),* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713, 716 (1918). There is, however, a caveat that a plaintiff may not, by artful pleading, cast a claim, the essence of which is a federal right, in terms of State law and thereby defeat removal.

The inquiry then is whether the claims asserted by the Attorney General are in essence founded on rights exclusively resting upon federal law. See *Gully v. First National Bank, supra,* 299 U.S. at 112, 57 S.Ct. at 97, 81 L.Ed. at 71. Clearly on their face they are not. The Attorney General's complaint seeks relief supported solely by the State Constitution, the Public Health

---

payments to the union's welfare fund, as required by a four-year collective bargaining agreement. The nursing homes have apparently refused to pay the increases, effective January 1, 1976, because of the freezing of Medicaid rates. The nursing homes have, for reasons best known to themselves, not sought injunctive relief against the proposed strike.

**3.** Local 1115 also contended that the order of the Health Commissioner did not comply with the requirements of either the Public Health Law or the State Labor Law. Finally, Local 1115 argued that the complaint was defective because it did not allege that the union membership authorized or ratified the contemplated strike.

Law and State common law. As Justice Holmes noted in *American Well Works v. Layne,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987, 989 (1916).

"A suit arises under the law that creates the cause of action."

Local 1115 argues, however, that by virtue of the 1974 Health Care Amendments, P.L. 93–360, Congress preempted the area of strikes involving health care facilities, thereby rendering inoperative the State laws upon which the Attorney General relies, citing *Division 1287 v. Missouri,* 374 U.S. 74, 83 S.Ct. 1657, 10 L.Ed.2d 763 (1963), and *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1958). The union reasons from this that the Attorney General's complaint must therefore be based on federal law.[4]

■■■ This argument assumes too much. It does not necessarily follow that because State law has been preempted, a litigant must be held to rely on superseding federal law. Certainly in situations where preempting federal law provides the litigant, whose State claims have been preempted, with an alternative federal claim, see, e. g., *Hearst Corp. v. Shopping Center Network, Inc.,* 307 F.Supp. 551, 556 (S.D.N.Y.1969) (dictum) (copyrights); *Coditron Corp. v. AFA Protective Systems, Inc.,* 392 F.Supp. 158, 160 (S.D.N.Y.1975) (dictum) (patents); *Sylgab Steel & Wire Corp. v. Strickland Transportation Co.,* 270 F.Supp. 264 (E.D.N.

Y.1967) (interstate shipments), it is reasonable to assume that a litigant will choose to seek relief under federal law rather than abandon his claim altogether. Where, however, superseding federal law does not replace rights formerly granted by State law, it is illogical to say that the litigant's claim is really predicated on a body of law which grants him no rights.

■■■ Here, assuming *arguendo* that State law, which clearly constitutes the gravamen of the Attorney General's complaint, has been preempted, there is no basis for concluding that the Attorney General's claim has therefore been converted into one arising under federal law. Federal law is cast in terms of employers,[5] labor organizations, the National Labor Relations Board[6] and, as concerns health care institutions, the Federal Mediation and Conciliation Service, with primary recourse to the courts severely limited. See *Gateway Coal Co. v. United Mine Workers,* 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974); *Boys Markets, Inc. v. Retail Clerks' Union,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). Nowhere in the federal scheme is there a procedure relating to the State, as a party, intervening in a labor dispute in the exercise of its police powers.

■■■ The Attorney General's right to relief in this action thus depends solely on the continued vitality of State law and does not arise under federal law.[7] As the Court said in *Gully, supra* :

---

4. Local 1115 relies heavily on a recent decision of the Southern District Court, *State of New York v. Local 144,* 410 F.Supp. 225, 76 Civ. 467 (S.D.N.Y.1976), where the court on similar facts denied a motion to remand and dismissed the complaint. For the reasons discussed in the text, this court respectfully disagrees with the conclusion reached in that case.

5. In fact, 29 U.S.C. § 152(2) defines "employer" to exclude "any State or political subdivision thereof."

6. By letter dated January 28, 1976, the NLRB informed the Attorney General that

"In view of the fact that no unfair labor practice charge, relating to the matter described in the Order to Show Cause forwarded to this office by you, has been filed in Region 2, no action by this office is contem-

plated. A charge must be filed alleging a violation of the National Labor Act, the Act administered by this agency, before this agency can commence an investigation."

7. The Attorney General did bring to the State court's attention and has argued in this court that the State, though not a signatory, should be allowed to enforce a no-strike provision in the collective bargaining agreement. No motion to amend the complaint to assert such a claim has been made and the State court's decision appears to rest solely on State law. This afterthought on the Attorney General's part, and for which it concedes an absence of precedent, appears to be an unworkable one. While a court may enjoin a strike in violation of an express or implied no-strike clause, *Boys Market, supra; Gateway Coal, supra,* a condition of such an order must be a submission to

"By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby. *Louisville & Nashville R. Co. v. Mottley* [211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)]." 299 U.S. at 116, 57 S.Ct. at 99, 81 L.Ed. at 74.

 Whether the Union's preemption contention is correct should be decided as a matter of defense in the State courts in the first instance, see *Application of State of New York, supra*, 362 F.Supp. at 928; *Beacon Moving and Storage, Inc. v. Local 814, IBT*, 362 F.Supp. 442, 445 (S.D.N.Y.1972); *City of Galveston v. International Organization of Masters, Mates & Pilots*, 338 F.Supp. 907, 909 (S.D.Tex.1972), with ultimate recourse to the Supreme Court. State courts are obliged under the Supremacy Clause to follow federal law where applicable and there is no reason to believe that they are unwilling or incapable of so doing, see, *e. g., Pennsylvania v. Nelson*, 377 Pa. 58, 104 A.2d 133 (1954), *aff'd*, 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640 (1956); *State ex rel. Rogers v. Kirtley*, 372 S.W.2d 86 (Sup. Ct.Mo.1963); *John Hancock Mutual Life Insurance Co. v. Commissioner of Insurance*, 349 Mass. 390, 208 N.E.2d 516 (1965).[8] See also *De Canas v. Bica*, 40 Cal.App.3d 976, 115 Cal.Rptr. 444 (2d Dist.1974), *rev'd*, 424 U.S. 351, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976).

The Attorney General's motion to remand is granted and the Union's cross-motion to dismiss is denied.

SO ORDERED.

arbitration by the parties to the collective bargaining agreement. Here, the nursing homes are not parties to the suit and consequently could not be subjected to such an order. This afterthought, not incorporated in any pleading, is insufficient to create federal jurisdiction.

8. Nor can it be said that remand is improper because if State law is preempted the State court has no subject matter jurisdiction. The preemption question raised *here* concerns itself with which body of substantive law, federal or State, governs, not which judicial system has subject matter jurisdiction. State courts retain jurisdiction in labor matters, even if federal law is to be applied. *Charles Dowd Box Co., Inc. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), *affirming* 341 Mass. 337, 169 N.E.2d 885 (1960). The situation is different if Congress has explicitly vested exclusive jurisdiction in the federal courts, *e. g.*, 28 U.S.C. § 1338.