The STATE OF OKLAHOMA ex rel. Gerald GRIMES, Insurance Commissioner, and Bruce Day, Oklahoma Securities Commission, Plaintiff,

v.

UNITED HEALTH AND RETIREMENT ASSOCIATION, an Association, Central Management Systems, Inc., an Oklahoma Corporation, Charles Joseph Bazarian, James Frederick Tilford, William Francis Bonadio, Sr., and Rachael L. Bicknell, Individuals, Defendants.

No. CIV–77–0476–D.

United States District Court, W. D. Oklahoma.

May 26, 1977.

Mark H. Hain and Terry O. Orndorff, Oklahoma City, Okl., for plaintiff Gerald Grimes.

Alvin L. Thomas, Oklahoma City, Okl., for plaintiff Day.

Christian R. Mentrup, Kansas City, Mo., George Camp, Oklahoma City, Okl., for defendants United Health & Retirement Assn., James Tilford, William Bonadio, Sr., and Rachael L. Bicknell.

E. Vance Winningham, Jr., Oklahoma City, Okl., for defendants Central Management Systems, Inc., and Charles Bazarian.

## ORDER REMANDING CASE

DAUGHERTY, Chief Judge.

Plaintiff has brought this action in the District Court of Oklahoma County, Oklahoma to enforce the Oklahoma Insurance and Securities laws as to Defendants alleging that Defendants are in violation of the same by selling in Oklahoma insurance and/or securities in violation of the laws of the State of Oklahoma.

Defendants have removed the action to this Court on the ground:

"The above entitled action involves a controversy which raises a direct, basic and substantial Federal question, to-wit: the construction of public law 93–406, 29 USC 1001, et seq., enacted by the Congress of the United States of America, such that the rights and immunities of your Petitioners will be supported if such act of Congress is given one construction, and defeated if it receives another."

There is no diversity jurisdiction in this Court as Plaintiff and at least some Defendants are citizens of Oklahoma as shown by the State Court Petition.

■ 28 U.S.C. § 1441(b) allows removal of civil actions "arising under the Constitution, treaties or laws of the United States" without regard to the citizenship of the parties. However, it has long been held that whether an action arises under federal law is determined with reference *solely* to plaintiff's complaint unaided by the removal petition. *Gully v. First Nat. Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Footnote 23 to § 3722 of Wright & Miller, Federal Practice & Proc. cites an entire page of cases to this effect including *North Davis Bank v. First National Bank of Layton*, 457 F.2d 820 (10 Cir. 1972) and *State of Oklahoma ex rel. Wilson v. Blankenship*, 447 F.2d 687 (10 Cir. 1971), *cert. denied* 405 U.S. 918, 92 S.Ct. 942, 30 L.Ed.2d 787. Thus, if relief is available under both federal and state law, federal jurisdiction may be defeated by plaintiff's chosen reliance on the latter. *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918); *State of N. Y. v. L. 1115 J.BD., N.H. & H.E.D.*, 412 F.Supp. 720 (E.D.N.Y. 1976).

■ An examination of the Petition (Complaint) herein as filed in the State Court reveals that Plaintiff's action against the Defendants does not arise under federal law but is based altogether on allegations that Defendants are violating laws of the state of Oklahoma. This is clearly the essence of the Plaintiff's case against Defendants. *State of N. Y. v. L. 1115 J.BD., N.H. & H.E.D., supra.* Defendants' assertion in their Removal Petition that Plaintiff's action as brought in State Court raises a federal question does not give this Court jurisdiction. Plaintiff is entitled to have its alleged state law violations determined in

the State Court. If Defendants have a federal preemption defense to Plaintiff's action as set forth in its Petition they should assert the same before that Court. But a defense based on federal law will not sustain removal. *State of N. Y. v. L. 1115 J.BD., N.H. & H.E.D., supra.* Accordingly, on its own Motion, the Court remands this case to the District Court in and for Oklahoma County, State of Oklahoma, from which it was improvidently removed. 28 U.S.C. § 1447(c). The Clerk will immediately effect the remand of this case as provided by the above law.

It is so ordered this 26th day of May, 1977.