FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF JACKSON COUNTY, a corporation, Plaintiff,

v.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HUNTSVILLE, a corporation, Defendant.

Civ. A. No. 78–W–5026–NE.

United States District Court, N. D. Alabama, Northeastern Division.

March 8, 1978.

Potts & Young, Florence, Ala. (Robert L. Potts, Florence, Ala., of counsel), Thomas & Proctor, Scottsboro, Ala. (John Proctor, Scottsboro, Ala., of counsel), for plaintiff.

Ford, Caldwell, Ford & Payne, Huntsville, Ala. (Ralph H. Ford, Huntsville, Ala., of counsel), for defendant.

WYATT, District Judge.*

This is a motion by plaintiff to remand the action to the Circuit Court of Jackson County, Alabama, from which it was removed by defendant (28 U.S.C. Sec. 1447(c)).

The litigation arises from a controversy between two federal savings and loan associations (hereafter, for convenience, simply "federal associations"). While the papers of record contain no specific averment as to how the parties are organized, it seems clear that they are both associations chartered by the Federal Home Loan Bank Board ("the Board") under 12 U.S.C. Sec. 1464, a part of the Home Owners' Loan Act of 1933 ("the Act").

The situation as presented in the complaint is that plaintiff First Federal Savings & Loan Association of Jackson County ("First of Jackson") has had its principal place of business in Scottsboro since 1965; that defendant First Federal Savings & Loan Association of Huntsville ("First of Huntsville") has had its principal place of business in Huntsville since 1965; that the Board has recently granted First of Huntsville authority to open a branch office in Scottsboro near the head office of First of Jackson; that First of Huntsville has begun to build its Scottsboro branch office; and that the use by First of Huntsville of the name "First Federal Savings & Loan" without further designation will, it is said, cause confusion with First of Jackson, will divert business from First of Jackson, will use a

* Of the Southern District of New York, sitting by designation.

tradename and good will developed by First of Jackson and will be an unfair business practice and unfair competition. Preliminary and permanent injunctive relief is asked. The complaint very carefully averred that the claims were "based entirely upon state and common law".

When First of Huntsville removed the action from the state court to this Court, it asserted original jurisdiction in this Court under 28 U.S.C. Sec. 1337 ("commerce and anti-trust regulations"). This motion to remand followed.

■ Federal associations are instrumentalities and agencies of the United States and, under the Act, the Board may prescribe rules and regulations for the operation of such associations. 12 U.S.C. Sec. 1464(a). The Board has indeed prescribed all embracing regulations covering virtually every aspect of the operation of a federal association, in language often quoted, "from its cradle to its corporate grave". See, for example, *Meyers v. Beverly Hills S. & L. Assn.*, 499 F.2d 1145, 1147 (9th Cir. 1974).

Judicial decisions have construed the Act as giving the Board power to authorize federal associations to have branch offices. The decisions are collected in *Lyons S. & L. Assn. v. Federal Home Loan Bank Board*, 377 F.Supp. 11, 16 (N.D.Ill. 1974).

The Board has prescribed regulations for obtaining its written approval of a branch office. 12 C.F.R. Sec. 545.14. In addition, the Board has included in its regulations "Statements of Policy". In these statements, the Board has recognized the very problem illustrated by the controversy here—possible public confusion and unfair competition when an approved branch office brings into conflict two federal associations having similar names in the same market area. Section 556.5(d) of 12 C.F.R. reads in relevant part as follows:

(d) Name of branch office . . ..
In order to minimize public confusion and prevent unfair competition, the Board may condition its approval of an application to establish or maintain a branch office . . . to be located within the market area of another Federal association having a name similar to the name of the parent association of such branch office, . . . by prescribing the name to be used for such branch office . . . and the manner in which the presence of such branch office . . . in such area may be advertised or made known to the public.

■ It seems clear that there has been federal preemption in the field of unfair competition between two federal associations from similarity of names. The claims of First of Jackson must be tested therefore under federal law, either the Board's regulations, or its conditions, or federal common law. The source of federal power is in any event the commerce clause of the constitution; not necessarily is it the "exclusive source" but "a significant one". *Murphy v. Colonial Federal S. & L. Assn.*, 388 F.2d 609, 615 (2d Cir. 1967) (Friendly, J.) Removal was therefore properly based on original jurisdiction under 28 U.S.C. Sec. 1337.

It is gratifying to note the worthy professional attitude of counsel for First of Jackson who, in a letter to the Court, has, after further study, recognized that this conclusion is required.

The motion to remand is denied.

SO ORDERED.