The LONG ISLAND RAILROAD COMPANY, Plaintiff,

v.

UNITED TRANSPORTATION UNION and Edward Yule, Jr., its General Chairman; United Transportation Union, Local 645 and Frank P. O'Kelly, its President; United Transportation Union, Local 1831 and Reginal B. Sandell, its President; United Transportation Union, Local 645B and Robert G. Shalik, its Local Chairman; United Transportation Union, Local 1934 and Thomas G. Iuliucci, its President; Brotherhood of Locomotive Engineers and George B. McSherry, its General Chairman; Brotherhood of Railroad Signalmen, Local Lodge 56 and John W. Hogan, its General Chairman; Brotherhood of Railway Carmen of the United States and Canada, Local 886 and Anthony J. Russo, its General Chairman; International Brotherhood of Teamsters, Local 808 and John J. Mahoney, Jr., its Secretary-Treasurer; Police Benevolent Association and Michael Matthaei, its President; Railroad Yardmasters of America, Local Lodge 91 and J. A. Jackowski, its General Chairman; John Doe and Richard Roe, said names of "John Doe" and "Richard Roe" being fictitious, their true names being unknown to plaintiff, being persons employed in the operation and maintenance of the railroad facilities operated by The Long Island Rail Road Company; and all other persons acting in concert with them, Defendants.

No. 80 Civ. 0914 (LFM).

United States District Court,
S. D. New York.

Feb. 25, 1980.

Robert Abrams, Atty. Gen., New York City, by Harold Tompkins and Barry Fertel, Asst. Attys. Gen., New York City, for plaintiff.

Seward & Kissel, New York City, by Anthony Mansfield, Eugene P. Souther and Michael W. Kelly, New York City, Special Counsel, for plaintiff.

Shapiro, Shiff, Reilly, Rosenberg and Fox, New York City, by Sidney Fox, Gerald Richman and Harold D. Kozupsky, New York City, for defendant Brotherhood of Locomotive Engineers.

Sanchez & McKay, Congers, N. Y., by Ricardo McKay, Congers, N. Y., for defendant UTU and Brotherhood of Railroad Signalmen.

O'Dwyer & Bernstein, New York City, by Brian O'Dwyer and Joseph Licata, New York City, for defendants Local 808, John J. Mahoney, Jr. and Police Benevolent Ass'n.

O'Hagan, Reilly & Gorman, Islip, N. Y., by Richard E. Chesney, for defendants Brotherhood of Railroad Carmen and Local 886.

Highsaw, Mahoney & Friedman, P. C., Washington, D. C., by Edward D. Friedman, Washington, D. C., for defendants United Transp. Union and Brotherhood of Locomotive Engineers.

## OPINION

MacMAHON, Chief Judge.

Plaintiff Long Island Rail Road Company ("LIRR") moves to remand this action to the Supreme Court of New York, New York County, pursuant to 28 U.S.C. § 1447(c). For the reasons below, we grant the motion.

This action arises from the well-publicized labor contract deadlock between LIRR and the defendant operating employees of LIRR, unions and locals representing them, and officers of those organizations (the "Unions"). After eighteen months of negotiation, mediation, and the investigation and report of a Presidential Emergency Board pursuant to the national Railway Labor Act, 45 U.S.C. §§ 151 *et seq.,* failed to produce a new contract, the Unions allegedly threatened to call a strike to begin at 12:01 a. m. on February 14, 1980.

On February 13, LIRR commenced this action against the Unions in New York Supreme Court to enjoin the threatened strike under New York common law and its so-called "Taylor Law," which prohibits strikes by any "public employee" or "employee organization" representing him. N.Y.Civ.Serv.Law §§ 210(1), 211.

On February 13, proceeding ex parte, LIRR moved in state court for a temporary restraining order and preliminary injunction against the strike. Justice Bernheim entered an order prohibiting the strike until a full hearing could be held, and scheduled the hearing for February 15.

On February 14, however, the Unions removed the action to this court pursuant to the general federal removal statute, 28 U.S.C. § 1441, whereupon LIRR moved for a remand to the state court on the ground that we lack jurisdiction over the subject matter of the action. On February 15, upon the consent of the parties, we entered an order enjoining any strike pending determination of the remand motion.

The Unions assert that the action is one "arising under any Act of Congress regulating commerce," 28 U.S.C. § 1337, and "founded on a claim or right arising under the Constitution . . . or laws of the United States," *id.* § 1441(b), over which this court would have had original jurisdiction and thus has removal jurisdiction. *Id.* §§ 1441(a), 1441(b). We disagree.

In determining whether an action "arises under" federal law, we must look initially to plaintiff's complaint. *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). If plaintiff chooses to rely on state law as the basis for its claim, then the case cannot be said to arise under federal law even if plaintiff could

have relied on federal law instead. *Great Northern Railway v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *American Well Works v. Layne,* 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916).

 Here the complaint on its face relies solely on state, not federal, law. It alleges that LIRR, as a "public benefit corporation," is a "government" or "public employer" within the meaning of the Taylor Law, N.Y.Civ.Serv.Law § 201(6)(a), and therefore that its employees and the unions representing them are, respectively, "public employees," *id.* § 201(7)(a), and "employee organizations," *id.* § 201(5), prohibited from striking by § 210(1). The complaint seeks injunctive relief under § 211 of the Taylor Law. In addition, the complaint alleges that the threatened strike New York common law and seeks injunctive relief under the common law. Nowhere does it refer to federal law.

The Unions make several arguments that federal subject matter jurisdiction exists. First, they assert that on February 8, LIRR converted from a Rail Road Redevelopment Corporation into a "public benefit corporation" under New York law for the sole purpose of bringing its employees within the coverage of the Taylor Law. *See* N.Y. Civ.Serv.Law § 201(6)(a), (5). This transformation is said to be a mere sham requiring a holding that the Taylor Law does not apply. Second, the Unions assert that since for years LIRR has bargained solely under the Railway Labor Act, its sudden reincorporation under New York law and invocation of the Taylor Law constitute bad faith litigation tactics that preclude injunctive relief under the equitable doctrine of "unclean hands."

These assertions, even if true, do not confer removal jurisdiction because they simply amount to defenses under state law. The New York state courts can determine the propriety of LIRR's reincorporation and the equities of its prayer for an injunction by looking solely to New York statutes and general equity principles, without any reference to federal law. If we were to assert jurisdiction over the case based only on these defenses, we would not serve the removal statute's purpose of allowing defendants to have federal claims decided by a federal court. *See* 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3722 (1976). Moreover, we would risk an unnecessary intrusion on the authority of the New York courts to "interpret doubtful regulatory laws of the state," such as the Taylor Law. *Cf. Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 500, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941) (federal courts have equitable discretion to abstain from needless friction with state policies).

The Unions next assert that the Supremacy Clause of the United States Constitution, U.S.Const. art. 6, and federal preemption doctrine preclude application of the Taylor Law in this case. Their argument in this respect is twofold. First, they argue that LIRR is a "class 1 railroad" subject to the regulations of the Federal Railway Labor Act, *see* 45 U.S.C. § 151, and as such is prohibited from becoming a "public benefit corporation" entitled to the injunction remedy furnished by the Taylor Law. Second, they argue that LIRR is prohibited from invoking the Taylor Law because an injunction would infringe the right of its employees to strike under the Railway Labor Act. *See Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co.,* 394 U.S. 369, 384–86, 89 S.Ct. 1109, 1118–19, 22 L.Ed.2d 344 (1969). In short they claim that the Taylor Law conflicts with the Railway Labor Act and must give way to it because the latter, as one of the "Laws of the United States," is the "supreme Law of the Land." U.S.Const. art. 6.

 These contentions certainly raise federal questions as to the scope of the Railway Labor Act and the effect of the Supremacy Clause, but the questions arise only as defenses to claims based on state law. Though there are cases to the contrary, it has long been held by the Supreme Court, our Court of Appeals, and other federal circuit courts that a suit brought upon a state statute such as the Taylor Law "does not arise under an act of Congress or the Constitution of the United States be-

cause prohibited thereby." *Gully v. First National Bank, supra,* 299 U.S. at 116, 57 S.Ct. at 99. Federal preemption is a matter of defense to a state law claim, and not a ground for removal. *Milligan v. Milligan,* 484 F.2d 446, 447 (8th Cir. 1973); *Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 660 (9th Cir. 1972); *Bailey v. Logan Square Typographers, Inc.,* 441 F.2d 47, 51–52 (7th Cir. 1971) (Stevens, J.); *Debevoise v. Rutland Railway,* 291 F.2d 379, 380 (2d Cir.), cert. denied, 368 U.S. 876, 82 S.Ct. 123, 7 L.Ed.2d 77 (1961). *Contra, New York v. Local 144, Hotel, Nursing Home & Allied Health Servs. Union,* 410 F.Supp. 225, 229 (S.D.N.Y.1976).

If indeed the suit is barred by federal law, we have every confidence that the state court, bound as we are by the Supremacy Clause, will deny the injunction. *See New York v. Local 1115, Joint Bd., Nursing Home & Hosp. Employees Div.,* 412 F.Supp. 720 (E.D.N.Y.1976). In any event, consideration of the Unions' federal defense in a federal forum is ultimately available through Supreme Court review of the final state court disposition. 28 U.S.C. § 1257. The Supreme Court, not federal district court, is the forum that Congress has chosen for such review, and we have no power to override that legislative allocation of judicial competence.

■ The Unions' final argument is that LIRR has, by "artful pleading," disguised what is essentially a federal claim as one arising solely under state law. As a general rule, of course, where a plaintiff's rights arise under *both* state and federal law, he may choose to cast his complaint solely in reliance on state law and so avoid federal subject matter jurisdiction. *Great Northern Railway v. Alexander, supra.* But where federal law is the very source of plaintiff's claimed right, courts have looked beyond the complaint to find federal subject matter jurisdiction where a litigant is in fact relying on federal law to establish a cause of action, even where the complaint is couched only in terms of state law. *See, e. g., Coditron Corp. v. AFA Protective Systems, Inc.,* 392 F.Supp. 158 (S.D.N.Y.1975) (federal patent law held the source of plain-

tiff's right); *Hearst Corp. v. Shopping Center Network, Inc.,* 307 F.Supp. 551 (S.D.N.Y.1969) (complaint in fact based on federal copyright law); *Minkoff v. Scranton Frocks, Inc.,* 172 F.Supp. 870 (S.D.N.Y.1959) (plaintiff's right to confirm arbitration award arises solely under federal law).

We do not believe this is a case where the plaintiff has skillfully avoided mentioning the federal right upon which it relies. The complaint is clearly drawn only in terms of New York's Taylor Law; moreover, even if we assume *arguendo* that state law is preempted by the Railway Labor Act, this by itself is no reason to assume that LIRR's complaint can thereby somehow be said to "arise under" federal law, since in that event plaintiff would evidently be left with no remedy whatsoever. "[I]t is illogical to say that the litigant's claim is really predicated on a body of law which grants him no rights." *New York v. Local 1115, supra,* 412 F.Supp. at 723.

Defendants also point to a 1978 suit brought by LIRR in state court, purportedly under the provisions of the Taylor Law, to enjoin an employee strike. Defendant United Transportation Union removed the case to federal court for the Eastern District of New York, and LIRR moved to remand due to an asserted lack of subject matter jurisdiction. In denying the motion, Judge Weinstein took judicial notice of the numerous suits filed in the Eastern District by the railroad in previous labor disputes, all of which had relied on federal law as the source of plaintiff's claimed right. The court ruled that this substantial federal legal background was an aspect of the artificially drawn complaint doctrine, since it imported a federal issue into the complaint. *Metropolitan Transportation Authority et al. v. United Transportation Union et al.,* 77 C 2358 (E.D.N.Y. Feb. 6, 1978), Transcript at 21.

Insofar as Judge Weinstein indicated that plaintiff's true reliance was on federal law, we think there is a significant difference between that case and this one. In 1978, LIRR had taken no purposeful action to attempt to bring its employees within the coverage of New York law; in the instant case we can look to the February 8 reincor-

poration of LIRR as a public benefit corporation as just such a step creating at least a colorable state law claim. Whether it will succeed in pressing that claim against the Unions' defense of federal preemption is a question we do not reach.

Since we find that plaintiff's claim does not "arise under" federal law, we hold that this court is without jurisdiction over the subject matter of this action and accordingly grant plaintiff's motion to remand the case to Supreme Court of New York, New York County.

While LIRR's motion for remand was pending, defendants United Transportation Union and Brotherhood of Locomotive Engineers moved to transfer the action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a), or in the alternative, for an order staying the proceedings in this action until the determination of the action pending in the Eastern District under the caption *United Transportation Union v. Long Island Rail Road Co. et al.*, No. 79 C 3118. We provisionally denied the motion as premature because we had not yet determined whether we had jurisdiction over the action and hence power to transfer it. Having decided that we lack jurisdiction, we must deny the motion.

So ordered.