Lawrence SARNELLI, Joseph Colozza, Roger Showalter and Norman Golten, as Trustees of Ship-Shore Welfare Fund, et al., Plaintiffs,

v.

Arthur B. TICKLE, Jr. and Moira Matthews, Defendants.

No. 82 Civ. 2022.

United States District Court, E.D. New York.

Jan. 31, 1983.

Schulman & Abarbanel, New York City (Donald L. Sapir, New York City, of counsel), for plaintiffs.

John Doar Law Offices, New York City (John Doar, Richard M. Zuckerman, New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiffs, trustees of several employee benefit funds, brought this action in the New York Supreme Court to recover past-due payments to those funds, with interest. Defendants Arthur Tickle and Moira Matthews were President and Treasurer, respectively, of Arthur Tickle Engineering Works, Inc., ("Tickle") a New York corporation currently undergoing reorganization under Chapter 11 of the U.S. Bankruptcy Code. Because the reorganization of Tickle statutorily disabled plaintiffs from suing the corporate entity, the defendants were sued in their individual capacities.

Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1441(a).[1] Plaintiffs responded by filing the present motion to remand to the New York Supreme Court.

---

1. 28 U.S.C. § 1441(a) provides:

    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . for the district and division embracing the place where such action is pending.

Plaintiffs make two arguments for remand: (1) this Court lacks original jurisdiction over the controversy; therefore, 28 U.S.C. § 1441(a) is not satisfied; and (2) even if the action is removable under section 1441(a), the removal is nonetheless improper, because only one defendant (Matthews) filed the petition whereas 28 U.S.C. § 1446 requires that all defendants join in, or consent to, filing of the petition. Because I agree with the plaintiffs' first point, there is no need to reach the second one. The motion to remand is granted.

## DISCUSSION

■ Plaintiffs correctly note that original jurisdiction must be determined solely by reference to plaintiffs' complaint. *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Plaintiffs assert that they have alleged only a violation of New York State law. Accordingly, defendants may not gain access to a federal court by raising federal law as a defense.

### I. *Original and Removal Jurisdiction Distinguished*

■ Although a state court action may not be removed to a federal court unless the federal court would have had original jurisdiction in the first instance, the questions of "original" and "removal" jurisdiction are not congruent. Absent original jurisdiction, the question whether an action is removable from state to federal court need not even be reached. *See In re: Winn,* 213 U.S. 458, 29 S.Ct. 515, 56 L.Ed. 873 (1909); *Betar v. DeHavilland Aircraft,* 603 F.2d 30 (7th Cir.1979), *cert. denied,* 444 U.S. 1098, 100 S.Ct. 1064, 62 L.Ed.2d 785 (1980). Removal jurisdiction does not extend the jurisdiction of the federal judiciary, which must be bottomed on specific acts of Congress. *Armor Elevator Co. v. Phoenix Urban Corp.,* 493 F.Supp. 876 (D.C.Mass.1980), *aff'd,* 655 F.2d 19 (1st Cir.1981).

■ It must be conceded, however, that as a practical matter the existence of original jurisdiction in the federal courts generally results in removability. The two forms of jurisdiction are rendered substantively coterminous [2] by the very wording of the removal statute, which grants the power of removal to any defendant who can demonstrate the existence of original federal jurisdiction. 28 U.S.C. § 1441(a). Therefore, a finding of original federal jurisdiction translates into a holding that removal is proper. For the reasons to be set forth, however, original jurisdiction is lacking in this case.

### II. *The Existence of Original Jurisdiction*

■ Under the general rule, the plaintiff is free to choose the law upon which his complaint will rest. *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913). Thus, if plaintiff elects to root his claims exclusively in state law, his choice will generally not be disturbed. *Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 964 (2d Cir.1981).

Implicit in the foregoing, however, is the corollary that plaintiff will not be permitted, by "artful pleading," to skew his complaint so as to avoid original federal jurisdiction where federal law supplies the true basis for relief. *New York v. Local 1115 Joint Bd., Nursing Home and Hospital Employees Div.,* 412 F.Supp. 720, 722 (E.D.N.Y. 1976). The question, then, is whether the New York statute upon which plaintiff relies affords a basis for relief.

Plaintiffs rely on New York Labor Law § 198–c which provides, in pertinent part:

In addition to any other penalty or punishment otherwise prescribed by law, any employer who is party to an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employ-

---

**2.** Two caveats should be noted: (1) Congress may provide that, despite original federal jurisdiction, a given class of action(s) may not be removed; and (2) as mentioned *supra,* the requirement of joinder by all defendants in the removal petition may, in a particular case, block removal of a case over which the federal judiciary indisputably has original jurisdiction. Whether the present case provides an example of such a procedural deficiency is, again, a question that need not be addressed.

ees and who fails, neglects or refuses to pay the amount ... necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made, shall be guilty of a misdemeanor, and upon conviction shall be punished as provided in section one hundred ninety-eight-a of this article. Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of a misdemeanor.

It has been held in New York that this section provides a civil cause of action, *Excavators Union Local 731 Welfare Fund v. Zurmuhlen,* 68 A.D.2d 816, 414 N.Y.S.2d 140 (1st Dep't 1979), and defendants apparently do not disagree that this is the current state of New York law.

■ Defendants argue, however, that federal labor law pre-empts the field, thereby rendering the New York statute void. Because the claim must be based exclusively on federal law, the argument runs, this Court has original jurisdiction of plaintiff's claim, and the action is removable. I need not reach the substantive pre-emption question because I conclude that even a well-grounded pre-emption defense is insufficient to confer original jurisdiction upon the federal court in this case.[3]

There has been no clear indication from the Supreme Court as to whether a claim of federal pre-emption confers original federal jurisdiction.[4] The lower federal courts are hopelessly divided, some asserting federal jurisdiction[5], others denying it.[6] Unhappi-

---

**3.** The result might be different if it could be shown that plaintiff was seeking to avoid clearly applicable federal law by casting his complaint under state law. *See Metropolitan Transportation Authority v. United Tr. Union,* 77 CV 2358 (E.D.N.Y. Feb. 6, 1978), Tr. at 21. No such showing is possible here because the question of possible pre-emption of § 198–c of the New York Labor Law by the National Labor Relations Act, as amended, has not been addressed either by the New York Court of Appeals or by the federal courts sitting in New York.

**4.** The Supreme Court has suggested that pre-emption does not turn a claim pleaded under state law into a removable federal claim, *United Mine Workers v. Gibbs,* 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("[i]n the present case ... the allowable scope of the state claim implicates the federal doctrine of pre-emption," but, "this interrelationship does not create statutory federal question jurisdiction"). The Court, however, has also affirmed a decision of the Sixth Circuit stating a contrary rule. *Avco Corp. v. Aero Lodge No. 735,* 376 F.2d 337, 340 (6th Cir.1967), aff'd, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

**5.** *Billy Jack for Her, Inc. v. New York Gat Workers' Union Local 1–35,* 511 F.Supp. 1180, 1185 (S.D.N.Y.1981); *See, e.g., First National Bank v. Aberdeen National Bank,* 627 F.2d 843, 850–52 (8th Cir.1980) (en banc); *Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 660 (9th Cir.1972); *Bailey v. Logan Square Typographers, Inc.,* 441 F.2d 47, 51–52 (7th Cir.1971); *Turner v. Bell Federal Savings & Loan Association,* 490 F.Supp. 104, 105 (N.D.Ill.1980); *Glendale Federal Savings & Loan Association v. Fox,* 481 F.Supp. 616, 625 (C.D.Cal.1979); *Eure v. NVF Co.,* 481 F.Supp.

639, 643 (E.D.N.C.1979); *Nevada v. King,* 463 F.Supp. 749, 751 (D.Nev.1979); *Oklahoma v. United Health & Retirement Association,* 436 F.Supp. 550, 552 (W.D.Okl.1977); *Coulston v. International Brotherhood of Teamsters,* 423 F.Supp. 882, 884 (E.D.Pa.1976); *Marquette National Bank v. First National Bank,* 422 F.Supp. 1346, 1352–53 (D.Minn.1976); *Johnson v. First Federal Savings & Loan Association,* 418 F.Supp. 1106, 1109 (E.D.Mich.1976); *New York v. Local 1115 Joint Board, Nursing Home & Hospital Employees Division,* 412 F.Supp. 720, 723 (E.D.N.Y.1976); *Lowe v. Trans World Airlines, Inc.,* 396 F.Supp. 9, 12 (S.D.N.Y.1975).

**6.** *Billy Jack, supra,* 511 F.Supp. at 1186; *See, e.g., Fristoe v. Reynolds Metal Co.,* 615 F.2d 1209, 1212 (9th Cir.1980); *North Davis Bank v. First National Bank,* 457 F.2d 820, 823 (10th Cir.1972); *Avco Corp. v. Aero Lodge No. 737, International Association of Machinists,* 376 F.2d 337, 340 (6th Cir.1967), aff'd, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *In re Wiring Device Antitrust Litigation,* 498 F.Supp. 79, 82–83 (E.D.N.Y.1980); *Barclay's Ice Cream Co. v. Local No. 757, Ice Cream Drivers & Employees Union,* 103 L.R.R.M. 2048, 2048 n. 3 (S.D.N.Y. Sept. 6, 1979); *Teamsters Local 116 v. Fargo-Moorhead Automobile Dealers Association,* 459 F.Supp. 558, 560 (D.N.D.1978); *First Federal Savings & Loan Association v. First Federal Savings & Loan Association,* 446 F.Supp. 210, 212 (N.D.Ala.1978); *Ashley v. Southwestern Bell Telephone Co.,* 410 F.Supp. 1389, 1392–94 (W.D.Tex.1976); *New York v. Local 144, Hotel, Nursing Home & Allied Health Services Union,* 410 F.Supp. 225, 229 (S.D.N.Y.1976); *Rettig v. Arlington Heights Federal Savings & Loan Association,* 405 F.Supp. 819, 823 (N.D.Ill.1975); *Gardner v.*

ly, the Second Circuit, which had appeared to reject federal jurisdiction based solely on pre-emption, *Debevoise v. Rutland Ry.,* 291 F.2d 379, 380 (2d Cir.), *cert. denied,* 368 U.S. 876, 82 S.Ct. 123, 7 L.Ed.2d 77 (1961), has subsequently equivocated:

> Even though the claim is created by state law, a case may 'arise under' a law of the United States if the complaint discloses a need for determining the meaning or application of such a law.

*T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 827 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

Not surprisingly, district courts within this circuit have reached both results.[7] I am persuaded, however, that a pre-emption defense does not convert a claim pleaded under state law into a federal claim.

Most of the cases analyzing the pre-emption-jurisdiction problem have focused on the characterization or nomenclature of pre-emption claims. Under one view, a claim of pre-emption is regarded as an affirmative defense; the label then dictates the result, because it is clear that federal jurisdiction must be determined by the plaintiffs' complaint. *Long Island R.R. v. United Transportation Union,* 484 F.Supp. 1290 (S.D.N.Y.1980).

The contrary view is that a claim of federal pre-emption raises a choice-of-law problem. Under this analysis, a federal court, presented with a removal petition, makes a choice of law, which implies, of course, that the federal court is to decide the pre-emption question. If it finds in favor of federal pre-emption, then original federal jurisdiction exists, and the case is generally removable. Judge Ward has recently articulated this choice-of-law view with characteristic clarity:

> In the Court's view, it is wiser to view the preemption doctrine as being analogous to a choice-of-law principle. That is, preemption analysis simply tells the court what law, state or federal, should be referred to in order to determine the plaintiff's right to relief in a given case. As in any other choice-of-law context, the two potentially available bodies of law may differ as to whether they afford the plaintiff a remedy, so that a finding of preemption may indeed have the ultimate consequence of causing the plaintiff's defeat. This does not mean, however, that preemption is in any sense an 'affirmative defense' as that term is normally understood."

*Billy Jack For Her, Inc. v. New York Coat Worker's Union, Local 1–35,* 511 F.Supp. 1180, 1187 (S.D.N.Y.1981).

Neither view is unattended by problems. The "affirmative defense" view simply obviates the need for analysis. The "choice-of-law" approach does have the virtue that it does not foreordain the result, but suffers from an unarticulated assumption that only a federal court may decide the question of federal pre-emption. If this does not beg the question, neither does it address the issue of whether there is a justifiable reason for resolving the pre-emption question in the federal forum. Neither approach raises what I conceive to be the bottom-line consideration: what advantage, if any, is there in having the pre-emption claim decided by the federal court in the first instance? Absent such an advantage, the claim should remain in state court because of the "basic principle that if the right to remove is doubtful, the case should be remanded." *Lance International, Inc. v. Aet-*

---

Clark Oil & Refining Corp., 383 F.Supp. 151, 152 (E.D.Wis.1974). The leading commentators agree. *See* 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3722, at nn. 39, 39.1 (1976 & Supp.1980); A. Moore's Federal Practice 90.160, at 187–89 & nn. 24–25, 90.167[7], at 403 (2d ed. 1979).

7. *Compare Billy Jack, supra,* 511 F.Supp. 1180 *and In re Wiring Device Antitrust Litigation,* 498 F.Supp. 79, 82–83 (E.D.N.Y.1980), *and Barclay's Ice Cream Co. v. Local No. 757,* 103 L.R.R.M. 2048, 2048 n. 3 (S.D.N.Y.1979), *and New York v. Local 144,* 410 F.Supp. 225, 229 (S.D.N.Y.1976), *and Hearst Corp. v. Shopping Center Network, Inc.,* 307 F.Supp. 551 (S.D.N.Y.1969) *with Long Island R.R. v. United Transportation Union,* 484 F.Supp. 1290, 1294 (S.D.N.Y.1980) *and New York v. Local 1115,* 412 F.Supp. 720, 723 (E.D.N.Y.1976), *and Lowe v. Trans World Airlines, Inc.,* 396 F.Supp. 9, 12 (S.D.N.Y.1975).

*na Casualty & Surety Co.,* 264 F.Supp. 349, 356 (S.D.N.Y.1967). *See also Lowe v. Trans World Airlines, Inc.,* 396 F.Supp. 9, 12 (S.D. N.Y.1975); *Jody Fair, Inc. v. Dubinsky,* 225 F.Supp. 695, 696 (S.D.N.Y.1964).

I see no particular advantage in entrusting to the federal judiciary the determination of whether a state statute is pre-empted by federal law.[8] The New York State Courts are fully competent to decide whether § 198–c of the New York State Labor Law is pre-empted by the federal labor laws.

As has been repeatedly stated: "State courts are obliged under the Supremacy Clause to follow federal law where applicable and there is no reason to believe that they are unwilling or incapable of doing so." *New York v. Local 1115 Joint Board, Nursing Home and Hosp. Employees Div.,* 412 F.Supp. 720, 724. *See also Pennsylvania v. Nelson,* 377 Pa. 58, 104 A.2d 133 (1954); *aff'd,* 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640 (1956).

Accordingly, I adopt the "choice-of-law" view, but with the modification that the pre-emption argument should be decided, in the first instance, by the New York State court. *See Application of New York,* 362 F.Supp. 922, 928 (S.D.N.Y.1973). The motion to remand is granted.

SO ORDERED.

---

8. It cannot be argued that remand is inappropriate because a state court's finding of pre-emption would deprive that forum of subject matter jurisdiction. The argument is simply incorrect in the labor context, because the Supreme Court has held that state courts retain concurrent jurisdiction over labor issues, even if federal law supplies the decisional basis. *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). I also note that it is by no means clear that the argument would be successful if the disputed matter was one over which federal judiciary did, in fact, have exclusive jurisdiction. There is nothing inherently anomalous in allowing the state court to first resolve the pre-emption question, and then to dismiss the action, *sua sponte,* if it determines that federal law has pre-empted state law and that the applicable law vests exclusive jurisdiction in the federal system. *See Billy Jack, supra,* 511 F.Supp. at 1188.